**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION**

| | |
|---|---|
| **MICHAEL S. ARRINGTON,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 4:10-CV-1111-VEH |
| | ) |
| **GOODYEAR TIRE & RUBBER COMPANY,** | ) |
| | ) |
|     **Defendant.** | ) |

## **MEMORANDUM OPINION**

### I.   INTRODUCTION

*Pro se* Plaintiff Michael S. Arrington ("Mr. Arrington") initiated this job discrimination and retaliation case under Title VII of the Civil Rights Act of 1964 against Defendant Goodyear Tire & Rubber Company ("Goodyear") on April 29, 2010. (Doc. 1). To the extent Mr. Arrington has asserted specific claims against Goodyear, they are contained in his charge of discrimination attached to his complaint. (Doc. 1-1).

Pending before the court is Goodyear's unopposed Motion for Summary Judgment (Doc. 19) (the "Motion") filed on April 29, 2011. Because Mr. Arrington is representing himself in this lawsuit, on May 5, 2011, the court gave him express

notice of the Motion and an explanation of Rule 56 of the Federal Rules of Civil Procedure consistent with the requirements set forth in *Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985). (Doc. 23 at 1-2; *id.* at attached notice).

This Notice and Scheduling Order also advised Mr. Arrington about Appendix II of the court's Uniform Initial Order (Doc. 7) entered on May 24, 2010, which applies to filing and opposing motions for summary judgment. (Doc. 23 at 1). Mr. Arrington chose not to file anything in response to the Motion. For the reasons explained below, Goodyear's Motion is due to be granted.

## II. STANDARDS

### A. *Pro Se* Pleadings

As an initial matter, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (citing *Fernandez v. United States*, 941 F.2d 1488, 1491 (11th Cir. 1991)). Accordingly, Mr. Arrington's allegations arising out of his former employment with Goodyear are not appropriately subject to dismissal simply because they lack procedural precision or completeness in the context of Rule 8 of the Federal Rules of Civil Procedure.

### B. Unopposed Motions for Summary Judgment

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment

is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving party cannot present evidence in support of some element of his case on which he bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23; *see* Fed. R. Civ. P. 56(a)-(b).

> Rule 56(e) of the Federal Rules of Civil Procedure provides in part:
>
> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).  Thus, although a court may not a grant a motion for summary judgment simply because the motion goes unopposed, it may do so if the moving party has shown that there are not disputed issues of material fact and that she is entitled to judgment as a matter of law.

More specifically regarding a nonmovant's failure to oppose summary judgment, "the district court cannot base the entry of summary judgment on the mere

fact that the motion [is] unopposed, but, rather, must consider the merits of the motion." *United States v. One Piece of Real Property*, 363 F.3d 1099, 1101 (11th Cir. 2004) (citing *Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1988) (per curiam)). While this court is not required to examine every item of evidence before it when considering a motion for summary judgment, it must make certain that the motion is "supported by evidentiary materials." *One Piece of Real Property*, 363 F.3d at 1101.

At the very least, this court must consider all the evidence submitted by the movant in support of its motion. *Id.* (citing *Jeroma v. Massey*, 873 F.2d 17, 20 (1st Cir. 1989) (per curiam) (". . . the district court must review the motion and the supporting papers to determine whether they establish the absence of a genuine issue of material fact.")). The movant must demonstrate an absence of a genuine issue of material fact; if the movant fails to meet his burden, this court may deny the motion, without regard to whether the nonmovant has filed a response. *Hibernia Nat'l Bank*, 776 F.3d at 1279 (citing *John v. State of Louisiana*, 757 F.2d 698, 708 (5th Cir. 1985)). However, if the nonmovant has not supplied the court with a response to dispute any issue of fact, this court may receive the movant's factual account as "a *prima facie* showing of its entitlement to judgment." *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) (citing *Matsushita Electrical Industrial Co. v. Zenith*

*Radio Corp.*, 475 U.S. 574, 106 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986); *Celotex*, 477 U.S. 317(1986)).

**III.   ANALYSIS**

    **A.   Procedurally, Mr. Arrington has failed to respond to Goodyear's Motion.**

Applying the above standards to this case, the court concludes that Goodyear has demonstrated that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Mr. Arrington has not come forward with any evidence in response to Goodyear's initial showing on summary judgment. Pursuant to the court's summary judgment briefing order entered on May 5, 2011, the deadline for Mr. Arrington to file his written opposition to the Motion was May 25, 2011. (Doc. 23 at 2).

Moreover, Mr. Arrington has not sought relief to extend his deadline to respond to summary judgment. Therefore, from a procedural standpoint, Mr. Arrington has failed to meet his burden on opposition "to go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324.

    **B.   Substantively, Goodyear's Motion is well-founded and due to be granted.**

Additionally, the evidentiary record demonstrates that summary judgment in

favor of Goodyear is appropriate because it has carried its burden of demonstrating the absence of any material factual dispute and an entitlement to judgment as a matter of law. More specifically and as summarized below, Goodyear has shown that Mr. Arrington's discriminatory discharge, hostile work environment, and retaliation claims are all fatally flawed.

### 1. Mr. Arrington's Race Discrimination Claims, Including His Discharge

*McCann v. Tillman*, 526 F.3d 1370 (11th Cir. 2008) sets forth the *prima facie* and pretext standards for proving circumstantial[1] discriminatory treatment claims on the basis of race:

> Where, as here, there is no direct evidence of discrimination, a plaintiff may prove discrimination through circumstantial evidence, using the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). To establish a *prima facie* case for disparate treatment, McCann must show that "(1) she is a member of a protected class; (2) she was subjected to adverse employment action; (3) her employer treated similarly situated [white] employees more favorably; and (4) she was qualified to do the job." *EEOC v. Joe's Stone Crab, Inc.*, 220 F.3d 1263, 1286 (11th Cir. 2000). If McCann satisfies these elements, the appellees must provide

---

[1] A review of the record confirms that this lawsuit does not arise under the direct evidence model. As the Eleventh Circuit has explained, "only the most blatant remarks, whose intent could be nothing other than to discriminate on the basis of [race], . . . constitute direct evidence of discrimination." *Carter v. City of Miami*, 870 F.2d 578, 782 (11th Cir. 1989) (footnote omitted). Based upon this standard and in the absence of a record of <u>any</u> invidiously-charged racial utterances, Mr. Arrington's case is, at best, a purely a circumstantial evidence one.

> a legitimate, nondiscriminatory reason for their action. *Burke-Fowler v. Orange County, Fla.*, 447 F.3d 1319, 1323 (11th Cir. 2006). If this burden is met, McCann must then prove that the appellees' reasons are a pretext for unlawful discrimination. *Id.*
>
> Only the third element is at issue here. In order to determine whether other employees were similarly situated to McCann, we evaluate " 'whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways.' " *Id.* (quoting *Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir. 1999)). In doing so, "the quantity and quality of the comparator's misconduct [must] be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges." *Id.* (quotations omitted); *see also Nix v. WLCY Radio/Rahall Commc'ns*, 738 F.2d 1181, 1185 (11th Cir. 1984) ("[T]he misconduct for which [the plaintiff] was discharged [must be] nearly identical to that engaged in by an employee outside the protected class whom the employer retained.") (brackets and quotations omitted).

*McCann*, 526 F.3d at 1373-74 (footnote omitted).

Mr. Arrington's discriminatory treatment claims, including specifically for discharge, fail for at least two reasons. First, from a *prima facie* standpoint, Mr. Arrington lacks evidence that Goodyear treated him less favorably than any similarly situated white employees.

Second, from a pretext perspective, Mr. Arrington cannot demonstrate that Goodyear's articulated reason for firing him on account of a documented history of poor performance is a lie. Similarly, Mr. Arrington is unable to establish that any discipline that he received was more harsh than what Goodyear gave to white

employees with a similarly problematic work record. Therefore, Goodyear's Motion is well-taken as it pertains to race discrimination, and that portion of Mr. Arrington's lawsuit is due to be dismissed with prejudice.

### 2. Mr. Arrington's Racial Harassment Claim

To the extent that Mr. Arrington is asserting that he was racially harassed at Goodyear due to a hostile work environment, that claim also fails. Concerning harassment under Title VII, the Eleventh Circuit has stated:

> Title VII prohibits a hostile work environment in which "a series of separate acts ... collectively constitute one 'unlawful employment practice.' " *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117, 122 S. Ct. 2061, 153 L. Ed.2d 106 (2002) (citing 42 U.S.C. § 2000e-5(e)(1)). As opposed to "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire," a hostile work environment claim addresses acts "different in kind" whose "very nature involves repeated conduct," such as " 'discriminatory intimidation, ridicule, and insult.' " *Id.* at 114-16, 122 S. Ct. 2061 (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S. Ct. 367, 126 L. Ed. 2d 295 (1993)). Thus, these "claims are based on the cumulative effect of individual acts." *Id.* at 115, 122 S. Ct. 2061.
>
> To establish a hostile work environment claim, McCann must show: "(1) that [s]he belongs to a protected group; (2) that [s]he has been subject to unwelcome harassment; (3) that the harassment must have been based on a protected characteristic of the employee . . . ; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that the employer is responsible for such environment under either a theory of vicarious or of direct liability." *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002). Determining whether the harassment was sufficiently severe

or pervasive involves "both an objective and subjective component." Id. at 1276. In determining the objective element, a court looks to " 'all the circumstances,' including 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.' " *Morgan*, 536 U.S. at 116, 122 S. Ct. 2061 (quoting *Harris*, 510 U.S. at 23, 114 S. Ct. 367); *see also Miller*, 277 F.3d at 1275.

*McCann*, 526 F.3d at 1378.

Here, Mr. Arrington's efforts to show that one of his direct supervisors, Mike Tucker ("Mr. Tucker") or anybody else at Goodyear severely or pervasively harassed him on the basis of race are unavailing. More specifically, Mr. Arrington maintains that Mr. Tucker "harassed him by criticizing his performance, once touching an African-American subordinate employee, and once cursing at him." (Doc. 20 at 22 (summarizing Mr. Arrington's deposition testimony)). Nowhere does Mr. Arrington claim that Mr. Tucker used racially offensive language or demeaning slurs against him or others. Indeed, the record is devoid of any evidence that Mr. Tucker's treatment of Mr. Arrington was racially-motivated.

However, even assuming that Mr. Arrington endured severe or pervasive racial harassment by Mr. Tucker and possibly others, his claim still does not survive summary judgment because there is no basis for holding Goodyear vicariously liable for such conduct. "An employer is subject to vicarious liability to a victimized

employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over that employee," *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998), unless it is able to affirmatively establish that it "exercised reasonable care to prevent and correct promptly any [racially] harassing behavior and . . . the plaintiff employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer to avoid harm or otherwise." *Id.*

In particular, a review of the record confirms that Goodyear has a comprehensive anti-discrimination and harassment policy that was made available to Mr. Arrington. Additionally, Goodyear investigated Mr. Arrington's sole complaint lodged about Mr. Tucker and concluded that Mr. Tucker was not unfairly criticizing him. Finally, Mr. Arrington made no further complaints about Mr. Tucker (or anyone else) while he was still an employee of Goodyear. Therefore, Goodyear cannot be vicariously liable to Mr. Arrington for any purportedly actionable claim based upon a racially hostile work environment.

### 3.     Mr. Arrington's Retaliation Claim

As the Eleventh Circuit has summarized retaliation under Title VII:

> Title VII prohibits an employer from retaliating against an employee "because [s]he has opposed any practice made an unlawful employment practice ... or because [s]he has made a charge, testified,

assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). "To establish a *prima facie* showing of retaliation under Title VII, the plaintiff must show (1) that she engaged in statutorily protected expression; (2) that she suffered an adverse employment action;[2] and (3) that there is some causal relation between the two events." *Cooper v. Southern Co.*, 390 F.3d 695, 740 (11th Cir.2004) (quotations omitted).[3] As with McCann's discrimination claim, if the appellees articulate legitimate reasons for their actions, McCann must then "show that the employer's proffered reasons for taking the adverse action were actually a pretext for prohibited retaliatory conduct." *Sullivan v. Nat'l R.R. Passenger Corp.*, 170 F.3d 1056, 1059 (11th Cir. 1999). In order to do so, McCann must demonstrate "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." *Cooper*, 390 F.3d at 725 (quotations omitted).

*McCann*, 526 F.3d at 1375-76.

Mr. Arrington's retaliation claim does not constitute a triable issue for multiple reasons. First, Mr. Arrington lacks proof that he engaged in any statutorily-protected

---

[2] Pursuant to *Burlington N. and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006), the second *prima facie* element for Title VII retaliation has been modified to mean the suffering of a materially adverse action (which may or may not be employment-related) that could dissuade a reasonable worker from taking actions protected under Title VII. *See id.* ("In the present context that means that the employer's actions must be harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination.").

[3] In *Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 456-57 (2006), the Supreme Court overruled on other grounds part of *Cooper*, *i.e.*, the disparity in qualifications "slap you in the face" standard previously utilized by the Eleventh Circuit in discriminatory failure to hire or promote cases.

conduct under Title VII.  While Mr. Arrington did make a general complaint about Mr. Tucker's treatment of him, in doing so, he never identified racial animus or bias on the part of Mr. Tucker as a relevant factor.

Second, Mr. Arrington is unable to establish any causal link between Goodyear's actions taken against him, such as his dismissal, and any Title VII protected activities that he purportedly undertook.  In particular, six months in time elapsed between Mr. Arrington's generalized complaint of mistreatment made against Mr. Tucker in February 2009, and his dismissal in August 2009.  The Supreme Court has pointed out that evidence of a three or four month gap, by itself, is insufficiently proximate in time to establish, by itself, the causal relation prong in a retaliation case. *See Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001) (citing collection of retaliation cases turning upon lack of temporal proximity); *id.* at 273 ("The cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a *prima facie* case uniformly hold that the temporal proximity must be 'very close[.]'") (citations omitted).

Third, Mr. Arrington cannot show pretext with respect to Goodyear's explanation behind its treatment of him, including, in particular, its decision to fire him for a pattern of poor work performance.  Accordingly, Goodyear's Motion is

likewise due to be granted with respect to any claims of retaliation.

## IV.   CONCLUSION

As analyzed above, Goodyear has met its burden on summary judgment of demonstrating the absence of any material factual dispute and entitlement to judgment as a matter of law.  Accordingly, Goodyear's Motion is due to be granted, and Mr. Arrington's case is due to be dismissed with prejudice.  The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this the 8th day of August, 2011.

**VIRGINIA EMERSON HOPKINS**
United States District Judge